## PARKER v. FREEMAN.

The cattle sought to be replevied were bought by the defendant from a butcher, who had bought them from plaintiff's herder, employed by her husband, who managed her business as his own. Defendant and the butcher each testified that the husband had told him that the herder was authorized to sell cattle, and this testimony was corroborated by that of other witnesses. *Held* sufficient to sustain a verdict for defendant, though plaintiff and her husband testified that the herder did not have that authority.

*Appeal from District Court of Lake County.*

Messrs. PATTERSON and THOMAS, for appellant.

BECK, C. J. This cause was submitted *ex parte* for the appellant for failure of the appellee to appear and join in error within the time required by the rules of this court. An examination of the transcript filed, however, fails to disclose any reversible error in the proceedings had below. The action was instituted in the district court by the appellant, Eveline Parker, to recover of Freeman, the appellee, eighteen head of cattle alleged to be owned by her, and unlawfully held and detained by the defendant. All the allegations of the complaint, including ownership and unlawful detention, were denied by the answer. The trial was to a jury, and the evidence was to the following effect: That the plaintiff owned a herd of cattle in La Plata county, in 1881 and 1882, and that she intrusted the entire management and control of the same to her husband, W. C. Parker, who employed herders, made sales of cattle from the herd from time to time, and generally conducted the business as owner. That he hired as herder one Newton Cypret, who, in November, 1881, sold the eighteen head in controversy to Klug & Strausenback, butchers, doing business in Durango, and that they sold the same to the defendant, Freeman. The testimony of the plaintiff and her husband was positive on the point that the herder had no

authority whatever to sell any of the cattle, but the evidence on the part of the defendant was equally positive that W. C. Parker, the husband, had authorized the herder to sell cattle from the herd in a number of instances. Strausenback, one of the butchers above mentioned, testified that W. C. Parker had told him, previous to his purchase of these cattle, that Cypret was his agent; that he was authorized to sell cattle; and that anything he did was all right. The defendant, Freeman, testified that Parker had made similar statements to him, and authorized him to purchase from his herder. The testimony of other witnesses on part of the defense was corroborative of these statements. The verdict of the jury, being in favor of the defendant, is therefore sustained by the evidence. Errors are assigned questioning the rulings of the court in the admission of testimony, and in the giving and refusing of instructions; but we are satisfied from an inspection of the entire proceedings that the case was fairly tried, and the law impartially administered. Finding no error in the record of sufficient importance to warrant a reversal, the judgment will be affirmed.

*Affirmed.*